UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:25-cv-02955-JLS-MAR                                    Date: November 24, 2025
Title:  Phrasay Sayanath v. Kristi Noem et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Kelly Davis  |  N/A  |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 5)**

Before the Court is an *Ex Parte* Application for Temporary Restraining Order filed by Petitioner Phrasay Sayanath.  (App., Doc. 5.)  Respondents Kristi Noem, Todd Lyons, and James Janecka opposed.[1]  (Opp., Doc. 8.)  Having reviewed the papers, the Court DENIES Petitioner's Application.

I.   **BACKGROUND**

Petitioner is a citizen of Laos who is currently detained by Immigration and Customs Enforcement ("ICE") in Adelanto, California.  (App. ¶¶ 1, 23; Ex. 1 to App., Sayanath Decl. ¶¶ 1, 11, Doc. 5-1; Ex. 5 to App., Doc. 5-1.)  In 1980, he entered the United States with his family as a refugee, and later became a lawful permanent resident.  (App. ¶ 16; Sayanath Decl. ¶ 1.)  In 2006, Petitioner was convicted of residential burglary and placed in immigration custody, and in 2007, he was issued a final order of removal.  (App. ¶ 17; Sayanath Decl. ¶¶ 3–4.)  In 2007, Petitioner was released from custody

---

[1] The Court STRIKES Petitioner's Reply (Doc. 9), as replies are not permitted for *ex parte* applications absent leave of the Court.  *See* Judge Staton's Procedures Page ¶ 3, https://apps.cacd.uscourts.gov/Jps/honorable-josephine-l-staton.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02955-JLS-MAR                                                  Date: November 24, 2025
Title:  Phrasay Sayanath v. Kristi Noem et al

pursuant to an Order of Supervision, as his removal to Laos could not be effectuated. (App. ¶ 17; Sayanath Decl. ¶ 4.)  The Order of Supervision requires Petitioner to comply with various conditions.  (Ex. 3 to App., Order of Supervision and Check in Compliance, Doc. 5-1.)

On October 15, 2025, Petitioner reported for a regularly scheduled check-in with ICE.  (Sayanath Decl. ¶ 8.)  ICE officers placed an ankle monitor on Petitioner and directed him to report to the Intensive Supervision Appearance Program ("ISAP") office the same day.  (*Id.*; App. ¶ 21; Order of Supervision and Check in Compliance.)  At the ISAP office, the staff put an application on Petitioner's phone, which scheduled Petitioner for reporting on October 29, 2025.  (Sayanath Decl. ¶ 9.)

Petitioner reported to the ICE office on October 29, 2025, where he was arrested. (*Id.*)  Petitioner avers that the officers told him he was being detained because he had a final order of removal.  (*Id.* ¶¶ 9–10.)  Petitioner further avers that he was asked to sign paperwork, but refused to sign after he was denied an explanation of the paperwork.  (*Id.* ¶ 10.)  Respondents have submitted evidence that Petitioner was issued a Notice of Revocation of Release on October 29, 2025, which states that Petitioner's release was revoked because he had "not made any attempts to obtain a travel document" in "clear violation of [his] order of supervision requirements."  (Ex. A to Preciado Decl., Doc. 8-2.)  Respondents also submit evidence that Petitioner was provided with an informal interview that same day.  (Ex. B to Preciado Decl., Doc. 8-3.)

Petitioner was taken to the ICE detention center in Adelanto, California, where he remains to date.  (Sayanath Decl. ¶ 11; App ¶ 23.)  On November 6, 2025, Petitioner's counsel contacted ICE, seeking further information regarding Petitioner's detention and potential removal.  (Ex. 6 to App., Jalaie Decl. ¶ 11, Doc. 5-1; Ex. 7 to App., Doc. 5-1.) Officer Chavez responded that ICE was "in the process of obtaining" travel documents and that Petitioner "will be removed to his country of citizenship."  (Ex. 7 to App.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02955-JLS-MAR                                     Date: November 24, 2025
Title:  Phrasay Sayanath v. Kristi Noem et al

Respondents further submit that "ICE intends to remove [Petitioner] to Laos." (Preciado Decl. ¶ 10, Doc. 8-1.)

On November 5, 2025, Petitioner filed a Petition for a writ of habeas corpus, and on November 20, 2025, he filed the instant *Ex Parte* Application. (Petition, Doc. 1; App.) Petitioner's Application requests (1) an order requiring Petitioner's release from detention and (2) an order enjoining Respondents from removing Petitioner to a third country without an individualized opportunity to challenge removal. (App. at 34.)

**II.    LEGAL STANDARD**

"The standard for issuing a temporary restoring order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)).

To obtain a temporary restraining order ("TRO"), a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that [a TRO] is in the public interest." *Winter*, 555 U.S. at 22. This "requires the plaintiff to make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Alternatively, under the Ninth Circuit's sliding scale test, a plaintiff may obtain a TRO by showing "that there are 'serious questions going to the merits'" and that "the 'balance of hardships tips sharply in the plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:25-cv-02955-JLS-MAR | Date: November 24, 2025 |
| Title:  Phrasay Sayanath v. Kristi Noem et al | |

favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (emphasis omitted).  The final two *Winter* factors "merge" when a TRO is sought against the government.  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### III.  ANALYSIS

As noted above, Petitioner seeks a TRO (1) requiring his release from ICE custody and (2) enjoining Respondents from removing Petitioner to a third country without an individualized opportunity to challenge removal.  (App. at 34.)

First, Petitioner has failed to show that he is at risk of being removed to a third country.  *See Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with out characterization of injunctive relief as an extraordinary remedy[.]").  The Court recognizes that a March 2025 DHS memorandum set forth a policy of effectuating third country removals.  (App. ¶ 11); *see Nadari v. Bondi*, 2025 WL 2934514, at *3 (C.D. Cal. Sept. 3, 2025) (Staton, J.).  However, in the instant case, evidence provided both by Petitioner and by Respondents indicates that Respondents intend to remove Petitioner to Laos.  (*See* Ex. 7 to App. ("Detainee will be removed to his country of citizenship."); *see also* Preciado Decl. ¶ 10.)  There is no evidence that Petitioner's removal to Laos cannot be effectuated.  The Court therefore denies Petitioner's request for an order enjoining his removal to a third country without notice.

Second, Petitioner has failed to establish a likelihood of success on the merits, or serious questions going to the merits, as to his claim that he has been unlawfully re-detained.  Invoking 8 C.F.R. § 241.13 and 8 C.F.R. § 241.4, Petitioner argues that Respondents unlawfully revoked his Order of Supervision because they did not provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02955-JLS-MAR                                      Date: November 24, 2025
Title:  Phrasay Sayanath v. Kristi Noem et al

Petitioner with a Notice of Revocation of Release, nor did they provide him with an informal interview upon revocation.[2]  (App. ¶¶ 42–48, 51–52.)

      But Respondents provide evidence to rebut Petitioner's contentions.  Respondents submit that on October 29, 2025, the day Petitioner was re-detained, Petitioner was served with a Notice of Revocation of Release, which states that his release was revoked because he had "not made any attempts to obtain a travel documents" in "a clear violation of [his] order of supervision requirements."  (Ex. A to Preciado Decl.)  Respondents further submit evidence that Petitioner was granted an informal interview that same day.  (Ex. B to Preciado Decl.)  Respondents' evidence supports a finding of their compliance with § 241.13(i)(1) and § 241.4(l)(1), as the Notice of Revocation of Release provides that Petitioner has been re-detained following a violation of a condition of his release.  *See* 8 C.F.R. § 241.13(i)(1) ("Any alien who has been release under an order of supervision under this section who violates any of the conditions of release may be returned to custody . . . ."); *see id.* § 241.4(l)(1) ("Any alien . . . who has been released under an order of supervision or other conditions of release who violates the conditions of release may be returned to custody.").[3]  Respondents' evidence further supports a finding that they have provided Petitioner with the reasons for the revocation of his release in

---

[2] Petitioner does not specify whether § 241.13 or § 241.4 governs the revocation of his release.  Other courts have found that § 241.4, rather than § 241.13, applies in similar situations.  *See, e.g.*, *Westley v. Harper*, 2025 WL 592788, at *7 n.62 (E.D. La. Feb. 24, 2025).  The Court concludes that regardless of which section applies, Petitioner has not established a likelihood of success on the merits that Respondents have violated that section.

[3] Petitioner further "question[s] whether the person . . . who ultimately decided to revoke the supervision was the Field Office Director," asserting that the revoking official may not have had the authority to do so under § 241.4(l)(2).  Under § 241.4(l)(2), the "Executive Associate Commissioner" or "district director" may revoke release "in the exercise of discretion."  However, because Petitioner's release was revoked for violation of a condition of his release, § 241.4(l)(1), which does not similarly restrict the type of official who may revoke a noncitizen's release, seems to apply.  And even if § 241.4(l)(2) were to apply, Petitioner has failed to show that the revoking official lacked authority under § 241.4(l)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02955-JLS-MAR  Date: November 24, 2025
Title: Phrasay Sayanath v. Kristi Noem et al

compliance with § 241.13(i)(3) and § 241.4(l)(1), as they submit proof that they served Petitioner and conducted an interview with him.

Petitioner's evidence contradicts Respondents' submissions to some extent. (*See* Sayanath Decl. ¶¶ 9–11; Jalaie Decl. ¶¶ 8, 15.) But Petitioner has the burden to show "serious questions going to the merits" of violations of the regulations, and the Court cannot conclude that he has met his burden here. The Court therefore denies Petitioner's request for an order requiring his release from detention.

**IV.    CONCLUSION**

For the above reasons, the Court DENIES Petitioner's Application.

Initials of Deputy Clerk: kd